The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the modification of Finding of Fact Number 11, Conclusion of Law Number 2 and Award Number 1.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties stipulate that plaintiff slipped and fell on defendant-employer's premises on 12 September 1994, thereby injuring her back.
2. The parties stipulate that Sara Lee Hosiery is the employer and Constitution State Service Company is the carrier on the risk.
3. The parties stipulate that they were subject to the North Carolina Workers' Compensation Act on 12 September 1994 and that the North Carolina Industrial Commission has jurisdiction over the parties and the subject matter of this claim.
4. The parties stipulate that plaintiff's average weekly wage was $254.40 which computes to a workers' compensation rate of $169.60.
5. The parties stipulate that plaintiff began treatment with Dr. J. Nicholas Fax on 15 September 1994 (three days after the injury) and was diagnosed with a lumbar strain and released to light duty.
6. The parties stipulate that plaintiff returned to light duty work with the defendant-employer within the seven-day waiting period earning her pre-injury wages.
7. The parties stipulate that Sara Lee Hosiery plant closed on 30 September 1994. As a result of the plant closing, defendant-employer paid the employee $3,016.00. Specifically, plaintiff received 13 checks in the amount of $162.00, one check for $114.00, and one check for $796.00.
8. The parties stipulate that on 2 November 1994 Dr. Fax released plaintiff to normal duty without any restrictions.
9. The parties stipulate that plaintiff worked for Mega Force and was placed at International Jensen performing normal duty work from 7 February 1995 through 20 March 1995.
10. The parties stipulate that plaintiff worked for Toastmaster performing normal duty work from 11 April 1995 through 27 April 1995.
11. The parties stipulate that plaintiff worked for Manpower Temporary Agency and was placed at Campbell Soups performing normal duty work from 28 April 1995 through 9 May 1995.
12. The parties stipulate that plaintiff worked at Central Park performing normal duty work from 16 May 1995 to 30 May 1995.
13. The parties stipulate that plaintiff worked for Badger Sportswear performing normal duty work from 5 June 1995 through 10 July 1995.
14. The parties stipulate that plaintiff worked at Munsingwear from 18 July 1995 through 10 August 1995. The parties will also stipulate to the introduction of plaintiff's application and pre-employment physical through Munsingwear, Inc.
15. The parties stipulate that plaintiff again worked for Campbell Soup performing normal duties from 9 August 1995 through 14 August 1995.
16. The parties stipulate that Dr. Fax opined that plaintiff did not suffer any permanent disability as a result of her accident. The parties further stipulate that the medical records of Dr. Fax be admissible into evidence.
17. The parties stipulate that Dr. George A. Ferre gave the plaintiff a 10% permanent partial disability rating. The parties further stipulate that the medical records of Dr. George A. Ferre be admissible into evidence.
18. The parties stipulate that the medical records of Pope Lee, M.D. be admissible into evidence.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff at the time of the hearing was a 29 year old female who had completed 12th grade and 1 year of college.
2. The Full Commission finds plaintiff's testimony credible in that she has continued to experience pain since being released by Dr. Fax. However the Full Commission does not find plaintiff's testimony credible that she has made a good faith effort to keep and maintain employment given her level of back pain.
3. Plaintiff has secured numerous permanent jobs since being released by Dr. Fax.
4. Plaintiff obtained a permanent job with Toastmaster on 11 April 1995. Plaintiff was able to perform this job. This job was easy to do. The only problem plaintiff experienced in performing this job was that she needed to stand up instead of sit. Instead of inquiring as to whether or not she could stand up, plaintiff voluntarily quit.
5. Plaintiff obtained a permanent job with Central Park beginning 16 May 1995. Plaintiff had the authority to require other employees to lift boxes she had trouble lifting. Plaintiff voluntarily quit this job because of hearsay statements from a co-worker.
6. Plaintiff obtained a permanent job with Badger Sportswear on 5 June 1995. Plaintiff voluntarily quit this job because of a better job opportunity.
7. There is a lack of convincing, credible evidence that plaintiff has sustained any reduction in her wage earning capacity as a result of her 12 September 1994 injury.
8. Plaintiff received unemployment checks following her layoff from defendant-employer. Plaintiff had to certify her ability to work in the receiving of these unemployment checks.
9. Plaintiff reached maximum medical improvement as of 2 November 1994.
10. The 12 September 1994 injury aggravated a pre-existing deformity to her low back.
11. As a result of the 12 September 1994 accident, plaintiff has sustained a five percent permanent partial impairment to her lower back.
************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is not entitled to any additional temporary total benefits. N.C. Gen. Stat. § 97-29.
2. Plaintiff is entitled to 15 weeks of permanent partial disability at a rate of $169.60. N.C. Gen. Stat. § 97-31.
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to plaintiff 15 weeks permanent partial disability at the rate of $169.60 for the injury to her back. This amount shall be paid in a lump sum subject to attorney's fees approved below.
2. A reasonable attorney fee in the amount of 25% is approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel out of the lump sum awarded in paragraph 1.
3. Defendants shall pay the costs.
This the 14th day of August 1997.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
S/ _________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
DCS:jmf